(96 App. Div. 557.)

CAHILL v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — INJURIES — NOTICE— STATUTES—REPEAL.

Rochester City Charter (Laws 1880, p. 76, c. 14, § 218), requiring actual notice of defects in the sidewalks of such city in order to authorize a recovery for injuries sustained by reason thereof, was repealed by the White charter for cities of the second class (Laws 1898, p. 438, c. 182, § 461, as amended by Laws 1899, p. 1290, c. 581), dispensing with the necessity for actual notice in such actions in cities of the second class, and permitting the same to be maintained where the defect complained of had existed for such a length of time that the same should have been discovered and remedied in the exercise of reasonable care.

Appeal from Trial Term, Monroe County.

Action by Bernard Cahill against the city of Rochester. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Plaintiff brought this action to recover damages alleged to have been sustained by falling upon a defective sidewalk in the city of Rochester, which the defendant negligently allowed to remain out of repair. He recovered a small verdict. The only error assigned against his judgment and argued upon this appeal is that his action was not maintainable in the absence of actual notice to the city of Rochester or its officials of the existence of the alleged defects. It is not claimed that any actual notice thereof was given before the accident, and it is conceded that originally defendant's charter (section 218, c. 14, p. 76, Laws 1880) required such notice. The learned trial justice, however, held, and upon this appeal it is argued by respondent, that the White charter for cities of the second class (section 461, c. 182, p. 438, Laws 1898, as amended by chapter 581, p. 1290, Laws 1899) dispensed with the necessity for this actual notice, and allowed such an action as this to be maintained where the defect complained of had existed for such a length of time that the same should have been discovered and remedied in the exercise of reasonable care and diligence.

John M. Stull, for appellant.
Henry R. Glynn, for respondent.

STOVER, J. In the passage of the White charter the Legislature intended to effect a uniform system for the government of second-class cities. By the provision under discussion it intended to make a uniform regulation as to notice of defective conditions. It, by the saving clause, used the words "other requirement or statute of limitations," and it may be well said that by that was meant other requirement than notice as to conditions or statute of limitations. Reading in this light, it would seem that the old provision of the charter, which required actual notice, was abrogated by the statute; and this would seem to be a reasonable construction of the statute. Having in mind the idea of uniformity in regulations with reference to municipalities, it is not unreasonable, I think, to say that the Legislature intended to have uniformity of notice as to defects in sidewalks, but did not intend to do away with other features of the law which did not affect the notice, either actual or constructive, as to defective conditions. This does not conflict with that provision which requires that the provisions of the charter shall be an additional requirement to those already furnished. To say that either actual or constructive notice was in addition to the requirement of a statute which required that actual notice must be given before a liability can be incurred, would render that provision of no effect; whereas to say that wherever there was an additional requirement beyond the notice, which was still left in force, so far as the notice of defective conditions is concerned, the provisions of the White charter are not inconsistent. To reiterate: If there were only conditions in previous legislation as to defective conditions, that legislation was merged and repealed by the enactment of the White charter. If, in addition to defective conditions, there was some other special requisite of the charter that was still left unrepealed, leaving the provisions of the White charter applicable to all municipalities, and in addition thereto any such municipalities as had special legislation which was not legislated upon, such special legislation was not affected.

Judgment and order affirmed, with costs. All concur.